UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVAJ FRAZIER,

                Petitioner,

-against-

LYNN LILLEY,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2022

18-CV-7240 (NSR)(JCM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

NELSON S. ROMÁN, United States District Judge:

    Davaj Frazier ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his post trial conviction for New York State Penal Law § 265.03, Criminal Possession of a Weapon in the 2nd Degree ("CPW2nd"). (ECF No. 1, Petition.) Petitioner raises two bases for granting relief: that he innocently possessed the firearm; and ineffective assistance of counsel. *Id.* Now pending before the Court is a Report and Recommendation ("R & R"), dated November 12, 2020, issued by Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. (ECF No. 16.) Petitioner has filed his objections to the R & R on February 18, 2021. (ECF No. 22.) For the following reasons, the Court adopts the R & R in its entirety, and the petition is DENIED.

## BACKGROUND

    The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts. (ECF No. 17.)

    Petitioner was convicted following a jury trial on February 27, 2015, in New York State

1

Supreme Court, Orange County, of CPW2nd. Petitioner was sentenced to a ten year term, with five years of post-release supervision. Petitioner appealed his conviction to the state intermediate appellate court on several grounds, including that he innocently possessed the firearm, legal sufficiency of the evidence, and ineffective assistance of counsel. *People v. Frazier*, 152 A.D.3d 791, 791 92 (2d Dep't. 2017). The appellate court, *inter alia*, rejected Petitioner's contentions and affirmed his conviction. *Id.* Petitioner sought leave to appeal from the New York State Court of Appeals, but was denied. *People v. Frazier*, 31 N.Y.3d 1013 (2018).

## STANDARDS OF REVIEW

### *Habeas Petition Review*

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### *Magistrate Judge's Report and Recommendation*

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). In reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If an objection to the R & R is made which is general, conclusory, perfunctory, or a mere reiteration of an argument raised before the magistrate judge, a district court need only review that aspect of an R & R for clear error. *Barnes v. Prack*, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); *Ast v. Lovett*, No. 921CV0567LEKTWD, 2022 WL 2063232, at *2 (N.D.N.Y. June 8, 2022) Similarly, to accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

## DISCUSSION

Here, the R & R was issued on November 12, 2020, and Petitioner had fourteen days from receipt of the R & R to file an objection(s). *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). By memo endorsement dated January 25, 2021, Petitioner was granted an extension until February 23, 2021, to file any objection. (ECF No. 21.) Petitioner timely filed his objections on February 18, 2021. (ECF No. 22.) In his objection, Petitioner merely reiterates many of the same arguments and claims raised in his original petition. (*See id.*)

Upon *de novo* review of the petition, the adopts the legal analysis and conclusions contained within the R & R. A district court's function on a "habeas review of a state court

3

proceeding is not to reenact the proceeding or peer over the shoulder of the state court judge ruling on questions of state law." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 68 (1991)). When reviewing a habeas petition based on state grounds, "federal court review of a state's application of its own rules is deferential." *Id.* at 101.

Construing the petition broadly, Petitioner asserts that he innocently possessed the firearm of which he was convicted, challenges the legal sufficiency of the evidence, and asserts ineffective assistance of counsel. As reflected in the R & R, the intermediate state appellate court reviewed Petitioner's innocent possession claim and legal sufficiency arguments, and determined that the issues were unpreserved for appellate review. *People v. Frazier*, 152 A.D.3d at 791-92. A determination that a claim is unpreserved has been held to be a sufficient indication that the state court denied the claim based on state procedural grounds. *See Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005). Moreover, though the appellate court did not give a basis for making such a determination, as MJ McCarthy noted, many other courts in this district have found that it is likely that the appellate court relied upon New York's contemporaneous objection rule, as codified in New York C.P.L. § 470.05(2) ("Rule 470.05(2)"). *See Gonzalez v. Cunningham*, 670 F. Supp. 2d 254, 261 (S.D.N.Y. 2009) (internal citations omitted).

Rule 470.05(2) provides in relevant part that in order to preserve a claim of error for appellate review with respect to the admission of evidence, a court ruling, or the propriety of a jury instruction, there must be a registered protest at trial which brings the defendant's position to the attention of the court. *See People v. Medina,* 18 N.Y.3d 98, 104 (2011) (citing *People v. Gray*, 86 N.Y.2d 10, 19 (1995)). Generally, a federal court will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. 28 U.S.C.A. § 2254; *Downs v. Lape*, 657 F.3d at 102. As delineated in the R & R, Petitioner's claim of

innocent possession of the firearm and his challenge to the legal sufficiency of the evidence were deemed unpreserved by the state court. Such determinations were based on state law grounds, independent of federal questions and adequate to support the judgment. *See Downs v. Lape*, 657 F.3d at 101 (internal citations omitted).

In his petition, Petitioner claims that he was denied effective assistance of counsel. In particular, Petitioner asserts that trial counsel failed to object to the admission of a 911 recording and failed to adequately challenge or query the foundational basis regarding the admissibility of *Miranda* warnings given to him by law enforcement which he subsequently waived. Both ineffective assistance of counsel claims were raised before the state intermediate appellate court and deemed meritless.

It is well settled that an ineffective assistance of counsel claim is governed by the U.S. Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. The *Strickland* Court held that a person accused of a federal or state crime is entitled to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. at 685-87. To establish ineffective assistance under *Strickland*, the defendant must establish both that his attorney was ineffective and that the attorney's errors resulted in prejudice to the defendant. *Id.* at 684; *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010).

A federal habeas petitioner whose claims to have received ineffective assistance of counsel must not only must satisfy the *Strickland* standard for such claims, but also must show that state court's rejection of his claim was either contrary to *Strickland* or was an unreasonable application of *Strickland*.[1] *See Williams v. Taylor*, 529 U.S. 362, 363 (2000)*; Henry v. Poole*, 409 F.3d 48, 71 (2d Cir. 2005). As adequately detailed in the R & R, Petitioner failed to

---

[1] The Antiterrorism and Effective Death Penalty Act (AEDPA) placed a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court, limiting issuance of the writ to circumstances in which one of two conditions is satisfied: the state court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1).

5

demonstrate that his attorney was ineffective and that the attorney's errors resulted in prejudice to the Petitioner/Defendant.  Similarly, Petitioner failed to demonstrate that the state court determination of his ineffective assistance of counsel claim was either contrary to clearly established federal law or was an unreasonable application of federal law.

## CONCLUSION

For these reasons, the Court adopts the legal analysis and conclusions contained within MJ McCarthy's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to enter judgment accordingly and close this case.  The Clerk of the Court is also kindly directed to mail a copy of this Order to *pro se* Plaintiff at the address on the docket, E. 70 Johnes Street, Apt. 326, Newburgh, NY 12550, as well as the following address: DIN 15-A-1390, Woodbourne Correctional Facility, 99 Prison Rd./ P.O. Box 1000, Woodbourne, NY 12788. The Clerk of the Court is also kindly directed to show service on the docket.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259  60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444  45 (1962).

Dated:  September 30,  2022  SO ORDERED:
      White Plains, New York

_____
      NELSON S. ROMÁN
     United States District Judge